UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANTHONY L. CAVALLERO,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>STATE OF IDAHO,<br><br>　　　　　　Defendant. | Case No. 1:20-cv-00109-BLW<br><br>**INITIAL REVIEW ORDER<br>BY SCREENING JUDGE** |

　　　　The Complaint of Plaintiff Anthony L. Cavallero was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. (Dkts. 3, 1.) A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. All prisoner and pauper complaints seeking relief against a government entity or official must be screened by the Court to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). After reviewing the Complaint, the Court has determined that Plaintiff's Complaint will be dismissed with leave to amend.

## REVIEW OF COMPLAINT

### 1.  Factual Allegations

Plaintiff alleges that, "not more than two years ago," Ms. Laura Watson brought him into an office and called him a sex offender in front of his clinician, Ms. Houser. Plaintiff asserts that he was not convicted of a sex offense, but of aggravated assault.

He asserts that Ms. Watson's words caused him great mental anxiety, mental stress, and anger. He believes this act constitutes cruel and unusual punishment. He seeks $500,000 in compensatory damages. (Dkt. 3.)

### 2.  Standard of Law

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). For Plaintiff's purposes, 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the amendments to the United States Constitution.

To state a claim under the Eighth Amendment's Cruel and Unusual Punishment Clause, Plaintiff must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834(1994). A one-time incident of verbal harassment, abuse, or threats, without more, is not sufficient to state a constitutional deprivation under § 1983. *Oltarzewski v. Ruggiero*, 830 F.2d 136 (9th Cir.

1987) (allegations that correctional counselor told plaintiff that he would transfer him to a higher custody status unit if he tried to go to the law library and that he would be sorry if he filed a class action suit were not actionable under § 1983).

A pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment. *See Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000). A pro se pleading may be dismissed without notice of the deficiencies and without an opportunity to amend if a complaint "lacks merit entirely" and "cannot be saved" by amendment. *Id.*, at 1129.

### 3. Discussion

The Eleventh Amendment prohibits a federal court from entertaining a civil rights lawsuit brought by a citizen against a state, unless that state waives its sovereign immunity. *Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890). The Supreme Court has consistently applied the Eleventh Amendment's jurisdictional bar to states and state entities "regardless of the nature of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Therefore, Plaintiff cannot sue the state in this federal action.

Even if Plaintiff amended his Complaint to assert a claim against Ms. Watson, he has insufficient facts to show that her misstatement resulted in a constitutional deprivation. Ms. Watson told Plaintiff's *own clinician* this misinformation *in an office*. This is unlike a situation where a prison official spreads true or untrue information to the general population or prison gang members that a certain prisoner is a sex offender for

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

the purpose of inciting violence upon him. Plaintiff's clinician, on the other hand, has a duty to refrain from harming him and an affirmative duty to help him successfully navigate the prison system. Plaintiff's Complaint fails to state a claim upon which relief can be granted. The Court will dismiss this case with leave to amend. Should Plaintiff have additional allegations that support a colorable cause of action, he may file an amended complaint. If he does not do so within 30 days, the Court will enter judgment and close this case.

### 4.  Instructions for Amendment

If Plaintiff chooses to amend the Complaint, he must allege a sufficient causal connection between each defendant's actions and the claimed deprivation of his constitutional rights. *Taylor v. List*, 880 F.2d 1040, 1045 (1989); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

An amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1. An amended pleading completely replaces the original pleading.

A pleading is more understandable if it is organized by claim for relief and defendant, rather than asserting a broad set of facts at the beginning of a pleading that are unrelated to a list of defendants elsewhere in the pleading. For each claim against each

defendant, Plaintiff must state the following (organized by each defendant): (1) the name of the person or entity Plaintiff claims to have caused the alleged deprivation of his constitutional rights; (2) the facts showing that the defendant is a state actor (such as state employment or a state contract) or a private entity/private individual acting under color of state law; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular provision of the constitution Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief he is seeking from each defendant.

The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, he must also file a "Motion to Review the Amended Complaint." If Plaintiff's amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim."). If Plaintiff fails to file anything further, his Complaint will be dismissed with prejudice (meaning it cannot be brought again) pursuant to Federal Rule of Civil Procedure 41(b).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**

## ORDER

**IT IS ORDERED:**

1. Plaintiff's case is DISMISSED with leave to amend.

2. If Plaintiff desires to proceed, he must file an amended complaint, together with a motion to review the amended complaint, within **30 days** after entry of this Order.

3. Plaintiff's request for appointment of counsel (contained in the Complaint) will be DENIED without prejudice, but will be reconsidered by the Court if he states an actionable claim in the amended complaint and if he meets the standards for appointment of counsel.

4. Plaintiff is warned that, if he does not file an amended complaint within the time frame specified above, his entire case will be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute. Plaintiff may, in the alternative, file a notice of voluntary dismissal within 30 days after entry of this Order.

DATED: May 18, 2020

B. Lynn Winmill
U.S. District Court Judge